UNITED STATES *v.* MURRAY.

1. Owing to the partial exhaustion of the appropriation, A., a clerk in the Treasury Department, was granted leave of absence without pay for five months from Feb. 1, 1874. He performed no service thereafter. His name was continued on the rolls to allow his transfer to some other bureau, should an opportunity offer. He was, June 30, informed in writing by the Secretary of the Treasury that his services had terminated January 31. *Held,* that he has no claim against the United States after the last-mentioned date. ·

2. The joint resolution approved June 23, 1874 (18 Stat., part 3, p. 289), providing for two months' pay to clerks and employés of the executive departments at Washington, applied to such only as should be discharged at the close of the fiscal year by reason of the reductions made necessary by the legislation of that session of Congress.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*The Solicitor-General* for the United States.
*Mr. John N. Oliver, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the Court.

On the 3d of May, 1873, Murray, the claimant, was appointed to a clerkship of class 1 in the Treasury Department, for a probationary term of three months. At the end of that period, the board of examiners having reported favorably on his fitness for a clerkship of that class, he was, on the 5th of November, reappointed, and assigned to duty in the office of the Commissioner of Internal Revenue from the 3d of that month.

Owing to the abolition by law of the offices of assessor and assistant assessor of internal revenue, in May, 1873, a large additional amount of labor was thrown on the office of the commissioner, to meet which more clerical force became necessary, and was employed during the summer, fall, and winter following. This unusual demand upon the appropriation for clerical service in that office for the year ending June 30, 1874, caused an only partial exhaustion of that appropriation, and created a necessity to dispense with the services of a number of the clerks employed in that office from different

dates in January and February, 1874, till the close of the fiscal year. In consequence of that necessity, leave of absence without pay was given some of the clerks until the end of the year. Murray was included among the rest, and his leave dated on the 1st of February. Leave of absence was granted instead of an absolute dismissal from office, as a favor to the clerks, and to give them an opportunity of getting a transfer to some other bureau, if opportunity offered. The order of leave was accompanied by a notice that, if a transfer should not be effected, dismissal would occur at the end of the year.

On the 23d of June, 1874, Congress passed the following joint resolution : —

"That the Secretary of the Treasury be, and he is hereby, authorized to pay, when discharged, two months' pay to such clerks and employés of the executive departments in Washington, D. C., as shall be discharged at the close of the present fiscal year without fault on their part, but by reason of the reductions made necessary by the legislation of the present session of Congress : *Provided,* that the amount paid under this resolution shall be deducted from the salary of any person receiving the same who shall be reappointed within six months from the date of such discharge."

Murray performed no service after the date of his furlough, and at the end of the fiscal year was dismissed, with a note from the Secretary of the Treasury as follows : —

" SIR, — The necessity for your services in the office of the Commissioner of Internal Revenue no longer existing, they terminated Jan. 31, 1874, on which date you ceased to serve."

This suit was brought to recover pay for the time included in the furlough, and also for the two months allowed by the joint resolution of Congress. The Court of Claims being divided in opinion, gave a *pro forma* judgment for the full amount of the claim, and from that judgment the United States appealed.

To our minds it is clear the judgment below was wrong. While under the regulations of the department an employé is not entitled to a leave of absence with pay for more than thirty days in any one year, there is nothing to prevent the Secretary from putting him on furlough without pay at any time, if the

exigencies of the service require it. He may be dismissed absolutely, and it is difficult to see why, if this can be done, he may not be furloughed without pay, which is in effect a partial dismissal. If he desires to be free from all obligations to serve in the future, he may resign; but if he permits his name to continue on the rolls, it must be on such terms as are imposed by the department. In this case, an extraordinary demand for clerical service caused an early partial exhaustion of the appropriation for the year, and it became necessary to dispense with a part of the force, so as to reduce the expenses of the office. Absolute dismissals were not made, but, as a favor to the clerks, their names were kept on the rolls without pay. Murray remonstrated against what was done, but seems to have preferred the furlough to an absolute discharge. Under these circumstances, having rendered no service, he cannot claim compensation.

Neither do we think the case comes within the provision of the joint resolution of Congress. That resolution contemplated the extra pay only when discharges occurred in consequence of a reduction of clerical force made necessary by the legislation of that session of Congress. It nowhere appears that Murray was discharged on any such account. On the contrary, the fair inference from the findings below is that he was appointed originally on account of the necessary temporary increase of force brought about by the abolition of the offices of assessor and assistant assessor, under a law of the previous session, and that he was discharged because the additional labor was no longer required. He was kept on furlough in order that he might, if possible, effect a transfer to some other branch of the service. This clearly implies that the special work to which he had been assigned was finished. At any rate, it does not appear affirmatively or by any fair implication that his discharge was made necessary on account of any legislation which was had at the session of Congress at which the resolution was adopted.

The judgment of the Court of Claims is reversed, and the cause remanded with instructions to dismiss the petition.

                                                    *So ordered.*