Nott, Ch. J.,
delivered the opinion of the court:
On the hearing of this case it was contended on the part of the claimant that no executive officer has authority to deprive a subordinate officer of his lawful statutory salary while *344 lie bolds his office; and on the part of the defendants, that if it should be held that the Postmaster-General can not suspend a letter carrier without pay he will be robbed of the only weapon he wdelds to insure obedience to the rules and regulations of his department. In the opinion of the court neither of these alternative propositions is involved in the present case.
The essential facts are these:
A letter carrier at Brockton, Mass., entitled by statute to a salary of $850 a year, was suspended by the postmaster at that place. The postmaster then notified the Postmaster-General of the suspension and preferred charges against the carrier for an alleged specific offense occurring at that time, and to this he appended a number of charges for alleged trivial offenses then long passed. Pending the investigation of these charges the carrier remained suspended for a period of ninety-six and one-half days. The Postmaster-General, after the investigation, and on consideration of the facts before him, acquitted the carrier of the first charge and dismissed the others, sajfing that the fact that they were not of recent origin “precludes serious action upon the same at this date, since to do so would virtually nullify an officially.good service record.” He ordered at the same time that the carrier be restored to duty.
The regulation of the Post-Office Department which has been adduced on the one side and assailed on the other manifestly prescribes punishment:
“Sec. 625. Reprimand, suspension, and removal. — The due performance of their duty by carriers, and the observance of law, regulations, and orders prescribed for their conduct will be enforced by reprimand for slight offenses, by suspension with loss of pay for more serious ones, not, however, to exceed thirty days, and by suspension and recommendation for removal for grave offenses or persistent disregard of the rules herein prescribed or of the orders of the postmaster not inconsistent herewith. All recommendations for removal must be .made to the First Assistant Postmaster-General, free delivery division. No carrier will be removed except for cause, upon written charges filed with the Post-Office Department, of which he shall have full notice and an opportunity for defense.”
For a court, so to construe this regulation, that if a carrier be convicted of a “serious” offense he may forfeit one month’s *345 pa}’; but .if he be acquitted oí a “grave” offense, he shall forfeit three months’ pay, would be to reduce the regulation to an absurdity.
It will be noted that the suspension from duty was by the postmaster and not by the Postmaster-General; and it will be remembered that letter carriers maj’ be dismissed by the Postmaster-General, but not by a postmaster. From a legal point of view it seems as impossible that a postmaster can deprive a duly appointed officer serving under him of his lawful salaiy by suspending him as that the colonel of a regiment can deprive an officer under his commaad of his lawful pay by putting him under arrest and thereby preventing him from rendering service.
Whether the Postmaster-General can delegate to postmasters, bjr regulations, the power of depriving a letter carrier of his pa}7 for thirty days is a question not presented by this case and concerning which the court expresses no opinion.
Two things are essential to deprive an officer of his statutory compensation: The first is that the power so to do must bo lodged, directly or by necessaiy implication, in some official hands; the second is that it must be exercised actually and expressly, and not indirectly or by implication. The two principal facts in this case are, first, that the claimant was acquitted and not convicted, and therefore stands innocent (ib initio, prevented from rendering service which he was willing to render and from receiving the salary which he was prevented from receiving by the unfounded charges of the postmaster. The second is that the Postmaster-General did not exercise his power of inflicting punishment by dismissing the carrier or of punishing him by forfeiture of pay, but, on the contrary, restored him to duty. The case, therefore, comes squarely within that of Lellmann v. United States (37 U. S., 128).
In the present case the postmaster did not assume to punish the carrier by suspending him, “ with loss of pay, not to exceed thirty days,” as prescribed by the regulation; and the Postmaster-General did not suspend him or impose any punishment whatever.
The judgment of the court is that the claimant recover judgment in the sum of $217.74.