Howey, J.,
delivered the opinion of the court:
This is an action to recover salary in the settlement of a deceased post-office inspector’s official accounts. No useful purpose will be served by making specific findings, because there is no right of appeal to the Supreme Court of the United States. But within the limits of this opinion the facts may be stated sufficiently to afford an intelligent comprehension of the conclusions of the court.
Plaintiff’s intestate was appointed an inspector at an annual salary of $1,200 by the Postmaster-General. He served for a time and was reappointed at a higher salary; and again reappointed at a still higher salary. Deductions were made from his annual compensation during the time of his commission and while he was continuously in the nominal service of the Government, though sometimes not actually engaged. The deductions were made on account of' sickness, which made it impossible for the deceased inspector to render active service during those periods for which the-deductions were made. The amounts deducted from time *15 to time are alleged to have been taken under the mistaken idea that the head of the Post-Office Department was authorized so to act by certain confidential regulations which included an instruction relative to leaves of absence. Those regulations provided that leaves of absence might be granted to inspectors for a period not exceeding twenty days in each calendar year; but in case such leave was granted for a greater length of time than twenty days in each calendar year it would be without pay unless the necessity for the leave was the result of sickness contracted or injury sustained ivhile in the performance of official duties. It is the contention of the plaintiff that there was no authority of law for the Postmaster-General to make, adopt, or enforce these regulations, and that they were void, inasmuch as regulations to have the force of law must be authorized, and that there was no special statute authorizing the regulation under which the deductions in the salary of inspectors were made. In other words, the plaintiff’s theory is that the deceased inspector was an officer of the Government and entitled as such to draw his salary for the entire period which intervened between the date of his appointment and that of his death. Many cases are referred to on the general subject of salaries and the right of the officer to demand the regular salary which, it is earnestly argued, support the general proposition that the appointing power was without control over the salary of the officer during the time the inspector was in office, notwithstanding the circumstances incident to serious and prolonged illness.
It is in evidence that the inspector in some of his reports supplied testimony of his condition for a portion of the period covered by his sickness in which he likewise stated that no claim wras made by him for salary. To this it is urged in reply that the inspector was not a contractor; that he was not doing contract work at so much per day, -or per week, or per month, and that therefore any arrangement or agreement or promise or even stipulation which the inspector may have entered into by the terms of which he agreed to accept a less amount of compensation than that fixed by law was void.
*16 The record shows that from month to month deductions were made from the inspector’s salary for such days as the insiiector was not on active duty on account of sickness. During this time, and this time only, he was on leave without pay, which is quite the common practice in the various executive departments of the Government where thousands of employees are engaged in the discharge of public duties for which they are compensated in salary.
It is true, as a general proposition, that when the statute creates an office and fixes its compensation, the appointing power has no authority to diminish or increase it; and a public officer may recover the lawful compensation of his office though he accepts a less amount and receipts for it in full.
And the contention is also true, as argued for plaintiff, as said in United States v. Ellsworth (101 U. S., 170), that “ an inspector’s relinquishment of his salary can not be regarded as voluntary in the sense that the party making it is thereby precluded from maintaining an action to recover back so much of the money paid as he was entitled to retain.” But that was a case where a collector of customs pursuant to peremptory order from his official superior paid into the Treasury moneys to which he was lawfully entitled as a part of the fees and emoluments of his office, and does not touch the question in this case.
It would be a startling proposition for this court to announce that the head of a department majr not excuse an employee from attendance upon and discharge of his duties as such employee without pay during such periods of illness as would render such employee unable to discharge the duties for which he is employed. Such a right to so excuse does exist, not only for the good of the civil service, but also for the benefit of the employee.
In Stilling v. United States (41 C. Cls. R., 61), this court held that the Government does not contract to keep its employees in its service if their services are not needed, and that the right of the appointing power to dismiss at discretion exists with no general supervising power in the courts to review the exercise of executive authority. That decision went further in holding that an employee could not recover com *17 pensation from the time the head of a department furloughed him without pay to the time the employee was restored to duty. The principles declared in Stilling’s case were founded upon the rule settled in United States v. Murray (100 U. S., 536), where it was held that there was nothing to prevent the head of a department from putting an employee on furlough without pay at any time when the •exigencies of the service required it, and that if an employee were dismissed absolutely it was difficult to see why such an employee might not be furloughed without pay. The theory of that case was that a furlough without pay was in effect a partial dismissal, which the head of a department might make within the scope of his duties when deemed necessary to the service.
The name of plaintiff’s intestate was kept on the rolls without pay as a favor to him on account of illness. If the deceased inspector was unable to discharge the duties for which he was employed, the alternative was absolute discharge. The head of an executive department of the Government is limited in his acts by the law; but he need not show express statutory authority for an administrative detail incident to a power conferred. (United States v. Macdaniel, 7 Pet., 1.) Plaintiff’s intestate having rendered no service on account of illness, the regulation which excluded him from compensation was sufficiently authorized to bar any •claim for his licensed absence on that account.
Petition dismissed.