Peelle, Ch. J.,
delivered the opinion of the court:
This is the claim of a letter carrier for thirty days’ pay withheld from him while suspended from duty by the postmaster at Huntington, W. Va., with the subsequent approval of the First Assistant Postmaster-General. The claimant was suspended February 15, 1900, and while not in terms without pay the First Assistant Postmaster-General on February 29, 1900, in his approval did so express it and as the *406 claimant testifies that bis suspension was without pay, wo have so found. The suspension, as conceded by both parties, was under section 625 of the Postal Laws and Regulations existing in 1900, namely:
“ Sec. 625. Reprimand, suspension, and removal. — The due performance of their duty by carriers, and the observance of laAV, regulations, and orders prescribed for their conduct will be enforced by reprimand for slight offenses, by suspension with loss of pay for more serious ones, not, however, to exceed thirty clays, and by suspension and recommendation for removal for grave offenses or persistent disregard of the rules herein prescribed or of the orders of the postmaster not inconsistent herewith. All recommendations for removal must be made to the First Assistant Postmaster-General, Free Delivery Division. No carrier or substitute carrier will be removed except for cause, upon written charges filed with the Post-Office Department, of which he shall have full notice and an opportunity for defense.”
The question for decision is, Has the First Assistant Postmaster-General authority to suspend a carrier from duty so as to deprive him of the salary attached to the office? It is elementary that though appointment to a public office confers no right of property in the office (Taylor v. Beckham, 178 U. S., 548, 577), still the person while rightfully holding such an office is entitled to the salary attached thereto, and of this he can not be deprived without his consent, nor can such salary be increased or diminished except by legislative sanction. (Whiting, admx., v. United States, 35 C. Cls,, 291, 301, and authorities there cited.)
The claimant concedes that under the decision in the case of United States v. Murray (100 U. S., 536) the Postmaster-General had the authority to suspend him without pay, while on the part of the defendants it is contended that the approval by the First Assistant Postmaster-General was a valid exercise of power, or that if necessary to accomplish the purpose his act was presumptively the act of the Postmaster-General.
In the Murray case a clerk in the Treasury Department sought to recoA^er for the time he was granted leave of absence without pay, and the court in respect .thereto said: “ He may be dismissed absolutely, and it is difficult to see *407 why, if this can be done, he may not be furloughed without pay, which is in effect a partial dismissal.”
As early as the case In re Hennen (13 Pet., 230, 259), involving the removal and appointment of a court clerk by a district judge, the coui;t said: “ In the absence of all constitutional provision or statutory regulation, it would seem to be a sound and necessary rule to consider the power of removal as incident to the power of appointment.” And so in the case of Keim v. United States (177 U. S., 290, 293), in speaking of the power of an executive department to discharge a clerk — an honorably discharged soldier entitled to preference — the court said: “ In the absence of specific provision to the contrary, the power of removal from office is incident to the power of appointment; ” and it has been held in substance that the power of appointment is unchanged by the civil-service act, except in so far as such act prohibits “ removal or change for giving or failing to contribute to a political purpose or for rendering or failing to render a political service.” (Carr v. Gordon, 82 Fed. Rep., 373, 377, and Page v. Moffett, 85 Fed. Rep., 38, 40.) But as this principle of law is not controverted we have only to determine whether the act of the First Assistant Postmaster-General was of itself a valid exercise of power or whether it can be construed as the act or authority of the Postmaster-General ; and if so, whether such act operated from the date of suspension by the postmaster.
Though a postmaster is the agent of the Government to direct the service under his official charge (Laurey v. United States, 32 C. Cls. R., 259, 265), he has no authority to remove or suspend a carrier without the approval of the Postmaster-General, upon whose authority alone such appointments are made (Corcoran v. United States, 38 C. Cls. R., 341, 345). Following the last case the court, in the case of Steele v. United States (40 C. Cls. R., 403, 405), held that “ a letter carrier could not be deprived of his statutory compensation unless the power to deprive was actually exercised, expressly and not indirectly or by implication.” And so in the case of Stilling v. United States (41 C. Cls. R., 61) the court, in speaking of the suspension of a pilot by a quartermaster *408 without pay, held in substance that a subordinate could neither dismiss nor suspend him on furlough without pay.
In harmony with the decisions cited the Assistant Attorney-General for the Post-Office Department (Opins. Asst. Atty. Gen. for P. O. Dept., vol. 3, p. 704, 711), in May, 1905, decided that while there was no necessity created by the decisions for discontinuing the practice of suspending letter carriers because of official dereliction or for purposes of discipline, such suspension, however, “ should be upon the direct order of the Postmaster-General, in whom resides the power of appointment and removal, and in such case it should be expressly stated that the suspension is without pay.” That ruling was in effect reaffirmed by the same officer in a case involving the promotion of a letter carrier over the certificate of a postmaster as to his inefficiency under section 2 of the act of August 2, 1882. (Opins. Asst. Atty. Gen. for P. O. Dept., vol. 4, jo. 248.) Thus the decisions in the cases of 0or coran and Steele, supra, have been followed at least by the Assistant Attorney-General for the Post-Office Department, and as the claimant’s suspension from duty without pay was “ in effect a partial dismissal,” thereby depriving him of his salary, it must be shown that his suspension was by the direct or express order of the Postmaster-General, otherwise the suspension must be held invalid.
To regulate the duties and conduct of carriers, the regulation quoted provides for the reprimand, suspension without pay, and removal of carriers upon recommendations to be made to the Pirst Assistant Postmaster-General, from which it might be inferred that he was the officer to approve or disapprove of such recommendations. But as removal or suspension is incident to the power to appoint a carrier, the court can not, in view of the decisions cited, indulge such an inference. That is to say, the language of the regulation can not be construed as a direct order or express authority of the Postmaster-General, for such suspension as similar language in a regulation might be respecting the method and conduct of official business not involving a loss of salary.
By section 751, Postal Laws and Regulations, 1902, the regulation quoted is modified in this, that “ all reprimands *409 and suspensions must be reported to the First Assistant Postmaster-General (Division of Free Delivery) for approval and entry in the carrier’s efficiency record.” But as the claimant was suspended under the .prior regulation we need not consider this; nor need we consider whether the Postmaster-General by regulation or otherwise may in express terms delegate to the First Assistant Postmaster-General his authority to suspend a carrier.
While the suspension of the claimant without pay was by way of discipline, it also involved punishment by forfeiture of pay, which was a partial dismissal, and to accomplish that the claimant was entitled to the judgment of the appointing power in some express or authoritative way. Such authority is not shown to have been exercised in the present case.
Having reached this conclusion, we need not refer to or comment further on the authorities cited by counsel except to say that none of them are adverse to the views we have herein expressed. It results that the claimant is entitled to recover judgment in the sum of $10.83.
Howry, <T., was not present when this case was tried and took no part in its decision.