Moss, Judge,
delivered the opinion of the court:
On May 1,1919, plaintiff, Arthur N. Brown, was appointed professor librarian at the United States Naval Academy, at the rate of $3,600 per annum, for the period from July 1, 1919, to July 1, 1924. The appointment was by letter from the Secretary of the Navy, dated May 1, 1919, which contained the following statement:
“ In accordance with references, you are hereby appointed professor librarian, Naval Academy, at $3,600 per annum for the period from July 1, 1919, by which date you will execute the required oath, to July 1, 1924, inclusive.”
In May, 1920, the salary of professors at the Naval Academy was changed to $4,300 for the fiscal year 1920, with an increase of $100 per annum for each year of satisfactory service thereafter until the maximum of $5,000 was reached.
On September 2, 1921, an order was issued by the Naval Academy providing that professors upon attaining the age of 65 years should sever their relationship with the academy. In accordance therewith plaintiff was notified that inasmuch as he would reach that age during the coming year his appointment as professor would terminate June 30, 1922.
The plaintiff bases his right of recovery .on the theory that at the time of the promulgation of the Naval Academy-order above mentioned he was serving under a five-year-contract, and that said contract could not be annulled or *176 abrogated by the issuance of such order during period.
We are unable to agree with this contention. Plaintiff’s services were being performed under an appointment to office, and his rights and duties are to be controlled by the principles applicable to such a situation. If the reciprocal rights and duties of the parties in this case are to be controlled by a five-year contract .of employment, then the Government would be under obligation to continue the services of a professor librarian throughout the entire period, even though it might develop during the term that, in the public interest, such services were no longer needed. Indeed, the record in this case shows that during the period July 1, 1922, to June 30, 1924, no librarian was appointed to fill the position vacated by plaintiff, which would seem to indicate that a librarian might properly be dispensed with. But if plaintiff’s theory is correct, the Government would be powerless to abolish the office during the five-year period. It could make no change, however desirable, that would interfere with plaintiff’s employment. It is a matter of common knowledge that the Government prescribes the rights and the duties of persons employed or appointed for public service, and may at any time change same to suit the exigencies of the service, without the consent of the employee; or it may abolish the position itself before the expiration of the term of employment or appointment. The employee may likewise resign at any time, although appointed for a definite term, without the consent-of the Government, and without incurring any liability to the Government, by so doing.
It must be remembered that plaintiff was not a civil service employee entitled to the protection of the civil service regulations. He was appointed under an act of Congress of August 29, 1916, 39 Stat. 607, which provides:
“ The Secretary of the Navy is authorized to employ at the Naval Academy such number of professors and instructors, including one professor as librarian, as in his opinion may be necessary for the proper instruction of the midshipmen; * *
*177 The power to appoint implies the power to remove. This doctrine was announced in the ease of Keim v. United States, 33 C. Cls. 174, and has since been consistently followed. In the case of Stilling v. United States, 41 C. Cls. 66, the court in commenting on this principle stated:
“In United States v. Murray (100 U. S. R. 536) it was held by the Supreme Court that there was nothing to prevent the Secretary of the Treasury from putting an employee on furlough without pay at any time where the exigencies of the service required it; that if an employee might be dismissed absolutely it was difficult to see why such employee might not be furloughed without pay, that being in effect a partial dismissal. Applying this rule as if no exigencies of the service required action (a rude based upon the theory that the Government does not contract to keep its employees in the service) because of the right of the appointing power to dismiss at discretion, with no general supervising power in the courts to review the exercise of executive authority as declared in Keim v. United States (33 C. Cls. R., 174; 177 U. S. R. 290), it must be held that the plaintiff can riot recover from the time the Secretary of War furloughed without pay to the time the employee was restored to duty.” (Our italics.)
It is manifest, we think, that the Secretary of the Navy had the power of removal as well as the authority to appoint plaintiff to the position from which he was removed. For cases in point see Butler et al. v. Pennsylvania, 10 Howard 402; Howard v. United States, 22 C. Cls. 305.
Plaintiff is not entitled to recover, and it is so adjudged and ordered.
Sinnott, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.